IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN KONTRABECKI,

    Defendant/Appellant

v.

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiffs/Appellee

BK Adversary No. 03-3264 DM
_____/

In re:
CENTRAL EUROPEAN INDUSTRIAL
DEVELOPMENT COMPANY, LLC, d/b/a
CEIDCO,

    Debtor.

Bankruptcy Case No. 02-30419-11-DM
_____/

No. C 06-00028 CRB

**OPINION**

    This action is the latest in a series of appeals arising from the bankruptcy court's imposition of civil contempt sanctions against John Kontrabecki ("Kontrabecki"). After carefully considering the papers and evidence filed by the parties, and having had the benefit of oral argument, the Court DISMISSES the appeal for lack of jurisdiction.

**BACKGROUND**

    In August 2005, the bankruptcy court ordered Kontrabecki to pay $6 million to

Lehman Brothers Holdings, Inc. ("Lehman") by September 2, 2005, as compensation for the damages Lehman incurred as a result of Kontrabecki's previous contempt ("the Payment Award"). Kontrabecki did not make the payment, and the bankruptcy court found that he did not make a good faith effort to do so. Accordingly, the court subsequently found Kontrabecki in contempt of the Payment Award, and further found that Kontrabecki could satisfy the Payment Award by liquidating some of his limited partner interests in an entity known as Mission West. On January 3, 2006, the bankruptcy court issued an order directing Kontrabecki to take certain steps toward liquidation of his Mission West assets ("the Mission West Order"). The Order warns that Kontrabecki's failure to take those steps could result in his incarceration to coerce him to comply with the Order.

Kontrabecki immediately filed a motion in this Court seeking a stay of the Mission West Order pending resolution of his appeal of the Order. At the hearing on the motion for a stay, it became apparent that Kontrabecki might be able to post a bond in an amount acceptable to Lehman. The Court therefore stayed the Mission West Order for approximately one week. Kontrabecki was unable to obtain the bond during the stay and moved for an order continuing the stay. The Court denied Kontrabecki's request; thus, the Mission West Order is in effect and not stayed. Now pending for decision by the Court is Kontrabecki's appeal of the Mission West Order.

Kontrabecki does not challenge the bankruptcy court's authority to issue sanctions to coerce him to comply with the Payment Order. "Mr. Kontrabecki does not dispute the two general legal principals relied upon by the Bankruptcy Court; (1) a court may impose coercive sanctions on a contemnor for failing to pay a fine that he has the resources and the immediate ability to pay, and (2) the coercive contempt sanctions can be in the form of a prospective, conditional fine or incarceration until the contemnor complies with the payment order." Emergency Motion for Stay Pending Appeal of Bankruptcy Court Order at 15-16. The issue on appeal is narrow: Kontrabecki appeals the *form* of those sanctions. He contends that the bankruptcy court cannot order him to take specific steps to liquidate a particular asset in order to satisfy the Payment Award.

2

**JURISDICTION**

The initial question is whether this Court has jurisdiction to hear Kontrabecki's appeal. District courts have jurisdiction to hear appeals of final judgment orders and decrees issued by a bankruptcy court. See 28 U.S.C. § 158(a)(1). The bankruptcy court's Payment Award only covered costs Lehman incurred through October 2004. Thus, the bankruptcy court still needs to adjudicate Lehman's request for compensatory damages for the period October 2004 to the present (and the future). The bankruptcy proceedings are therefore not complete and the Mission West Order is not a final order. Moreover, as this Court has previously ruled, civil contempt orders are generally not appealable. See Oliner v. Kontrabecki, 305 B.R. 510, 521 (N.D. Cal. 2004).

Kontrabecki nonetheless argues that this Court must hear his appeal for two reasons. First, he contends that the Mission West Order is an injunction and bankruptcy court injunctions are appealable as of right. In the alternative, he contends that the coercive contempt sanction is appealable because it is criminal, rather than civil, in nature.

**A.    The contempt order is not an appealable injunction**

Kontrabecki contends that the Mission West Order is an injunction and that parties have a right to appeal bankruptcy court orders issuing injunctions. See In re Professional Ins. Mgmt., 285 F.3d 268, 282 n.16 (3d Cir. 2002) (stating in dicta that bankruptcy court injunctions are appealable as of right pursuant to 28 U.S.C. section 1292(a)(1)). Assuming, without deciding, that Kontrabecki has the right to appeal an interlocutory injunction order, Kontrabecki's argument nonetheless fails because the Mission West Order is not an injunction.

As Kontrabecki concedes, the bankruptcy court has the authority to issue orders designed to compel Kontrabecki to pay Lehman in light of the bankruptcy court's finding that Kontrabecki had failed to comply with the Payment Order and had failed to establish that it was impossible to comply. The bankruptcy court's findings were based, in part, on the court's finding that Kontrabecki had not made any effort to liquidate his Mission West interests. As Kontrabecki also concedes, the bankruptcy court could have incarcerated Kontrabecki to

compel him to comply with the Payment Award. Instead of incarcerating Kontrabecki, however, the bankruptcy court, in effect, gave him one last chance by spelling out for Kontrabecki precisely what he must do to liquidate his Mission West interests and purge his contempt of the Payment Award. That the bankruptcy court specifically explained what Kontrabecki must do to liquidate his interests and comply with the Payment Award does not convert the Order into an injunction. Since the bankruptcy court could have done the greater, that is, incarcerate Kontrabecki to compel him to pay, it could do the lesser, that is, set forth one way he could take steps to satisfy the Payment Award and avoid incarceration. If Kontrabecki does not wish to comply with the Mission West Order he does not have to do so. The bankruptcy court will then consider a contempt sanction of incarceration to compel compliance with the Payment Award.

Kontrabecki's reliance on International Association of Machinists & Aerospace Workers, AFL-CIO v. Eastern Airlines, 849 F.2d 1481 (D.C .Cir. 1988), is unpersuasive. Eastern Airlines argued that an order labeled as civil contempt which enjoined Eastern from selling certain assets was in fact a new injunction because it required Eastern to do something in addition to and different from what the original order required Eastern to do. The D.C. Circuit agreed, finding that the original order did not, in fact, prohibit Eastern from selling the assets; therefore, the order necessarily modified the original injunction or was a new injunction which was appealable as of right. Id. at 1485-86. Similarly, in Omaha Indemn. Co. v. Winning, 949 F.2d 235 (8th Cir. 1991), the court held that an order restraining an individual defendant from transferring any personal or business assets was a modification or "strengthening" of an earlier order prohibiting defendants from transferring certain corporate assets and therefore appealable as an injunction. Id. at 238.

Here, in contrast, the Mission West Order flows directly from and is encompased by the Payment Award: in order to compel Kontrabecki to pay Lehman the bankruptcy court set forth certain intermediate steps which Kontrabecki must take to liquidate his Mission West interests and pay Lehman. The Order is thus designed to compel compliance with the Payment Award; it does not create new obligations not encompassed by the Award.

4

### B. The contempt order is not punitive

In the alternative, Kontrabecki argues that the Mission West Order is punitive rather than coercive and is therefore appealable. As this Court has previously held, "[w]hile civil contempt sanctions are not appealable, punitive sanctions are. Thus, when deciding whether to dismiss an appeal of a civil contempt order, an appellate court must determine whether the contempt is civil or criminal." Oliner, 305 B.R. at 521. The Ninth Circuit has explained:

> Whether contempt is criminal or coercive civil is determined by the purpose of the sanction. If the sanction is intended to punish past conduct, and is imposed for a definite amount or period without regard to the contemnor's future conduct, it is criminal. If the sanction is intended to coerce the contemnor to comply with the court's orders in the future, and the sanction is conditioned upon continued noncompliance, it is civil.

Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1481 (9th Cir. 1992). "When the petitioners carry the keys of their prison in their own pockets, the action is essentially a civil remedy." Shillitani v. United States, 384 U.S. 364, 368 (1965) (internal quotation marks and citation omitted).

It is undisputed that the explicit purpose of the Mission West Order is coercive. The Order itself states that it is "intended to coerce Kontrabecki to comply with the Payment Order by paying the Award." Mission West Order at 4. It provides further that Kontrabecki's obligations under the Order "shall cease at such time as he has fully paid the Award," and that "[n]othing in this Order shall preclude Kontrabecki . . . from paying all or any portion of the Award from one or more sources other than proceeds of [Mission West]." Id. Thus, the Order is designed to compel Kontrabecki to satisfy the Payment Award one way or another; to the extent he satisfies the Payment Award through another source he does not have to liquidate his Mission West interests.

Kontrabecki nonetheless contends that the Mission West Order is punitive because he does not have the ability to *immediately* pay Lehman. He asserts that even assuming the prompt liquidation of his Mission West interests, it will take at least 60 days to comply with the Payment Award.

5

Kontrabecki's argument appears to be that even if a defendant has the assets available to satisfy an award of contempt damages (Kontrabecki attests that he is worth $40 million), if those assets are illiquid and therefore not "immediately" available, a court is powerless to issue orders designed to compel a defendant to make the assets liquid and therefore satisfy the damages order. In other words, according to Kontrabecki, he can fail to take any steps to liquidate his assets in defiance of the Payment Award and yet remain beyond the contempt power of the bankruptcy court. Kontrabecki does not cite any apposite authority for this remarkable proposition. The lack of authority is unsurprising given that such a rule would make no sense. The bankruptcy court found that Kontrabecki has assets available to satisfy the Payment Award, including Mission West, and that for more than for months he had taken no steps to liquidate those assets. The Mission West Order is designed to compel Kontrabecki to take those steps, that is, to comply with the Payment Award.

Kontrabecki also contends that the Mission West Order is punitive because he will incur substantial tax liabilities if he complies. Again, he cites no authority to support his argument. Nearly all civil contempt sanctions have collateral consequences that are not reversible; for example, Kontrabecki can not "recover" the thirteen months he was incarcerated to compel him to comply with the bankruptcy court's previous orders. Kontrabecki also does not have the right to dictate which assets to liquidate and when. He lost that right when, as the bankruptcy court found, for several months he made no effort to comply with the Payment Award. Kontrabecki's claim that in December he placed property in Livermore, California for sale, the proceeds of which could satisfy the Payment Award, is of no moment. Kontrabecki offers no excuse for his failure to have offered the property for sale at an earlier date; instead, it appears he finally made the property available only after he was faced with the threat of further civil contempt sanctions.

### C.     Appeal with leave of court

Under 28 U.S.C. section 158(a)(3), "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees . . . ." "In applying section 158(a)(3) courts generally borrow the standards of 28

U.S.C. section 1292(b), which provides for the discretionary review by circuit courts of certain interlocutory district court orders." In re Pacific Gas and Electric Co., 280 B.R.506, 515 (N.D. Cal. 2002). The appropriate test is whether "the appeal presents a meritorious issue on a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal would materially advance the ultimate termination of the litigation." In re Belli, 268 B.R. 851, 858 (9th Cir. BAP 2001).

Kontrabecki has not argued that the Court should exercise its discretion to hear his appeal; instead, he argues only that he has an appeal as of right because the Mission West Order is an injunction and/or a criminal sanction. Nonetheless, in the interest of completeness the Court has considered whether it should permit Kontrabecki to appeal the Mission West Order. The appeal does present a controlling question of law; namely, whether ordering Kontrabecki to take certain steps to attempt to liquidate his interests in Mission West is a permissible civil coercive sanction.

The Court's answer to that controlling question, however, will not materially advance the ultimate termination of the litigation. Even if Kontrabecki prevails, the bankruptcy court will have to fashion a different coercive sanction, most likely incarceration, because Kontrabecki will still have failed to comply with the bankruptcy court's order that he pay Lehman. But the order Kontrabecki is appealing, is, in effect, an incarceration order. It provides that if Kontrabecki does not comply with the Order he may be incarcerated to coerce him to comply. In other words, the outcome will be the same: if Kontrabecki does not comply with the Mission West Order he could be incarcerated to coerce him to comply, that is, until he liquidates his Mission West interests *or* he satisfies the Payment Award through some other means. In these circumstances, resolving Kontrabecki's appeal of the Mission West Order will not materially advance the litigation. The Court therefore declines to exercise its discretion to permit Kontrabecki to appeal.

//
//
//

7

## CONCLUSION

As Kontrabecki does not have a right to appeal the bankruptcy court's Mission West Order, and as this Court declines to grant Kontrabecki permission to appeal, Kontrabecki's appeal is DISMISSED for lack of jurisdiction. Kontrabecki may retrieve his passport from the Clerk at 2:00 p.m. on Thursday, February 2, 2006.

**IT IS SO ORDERED.**

Dated: February 1, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE